# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH SARUBY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>　　　　Defendant. | Case No. 2:17-cv-00150-CWH<br><br>**ORDER** |

The case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Joseph Saruby's ("Plaintiff") application for disability insurance benefits under Titles II and XVI of the Social Security Act. The court has reviewed Plaintiff's motion to remand (ECF No. 22), filed January 31, 2018, the Commissioner's response and cross-motion to affirm (ECF No. 23), filed March 1, 2018. Plaintiff did not file a reply. The parties consented to have a United States magistrate judge conduct all proceedings in this case and order entry of a final judgment under 28 U.S.C. § 636(c). (Consent (ECF No. 10).)

## A. BACKGROUND

### 1. Procedural History

On September 20, 2011, Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Act, alleging an onset date of May 27, 2010. AR[1] 84-85, 116-17, 176-91. Plaintiff's claim was denied initially, and on reconsideration. AR 126-32. A hearing was held before an Administrative Law Judge ("ALJ") on April 22, 2015. AR 22. On June 17, 2015, the ALJ issued a decision finding Plaintiff was not

---

[1] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 12).)

disabled. AR 22-35. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review. AR 1-4. Plaintiff, on January 17, 2017, commenced this action for judicial review under 42 U.S.C. §§ 405(g). *See* ECF Nos. 1, 4.

### 2. The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. AR 23-24. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the amended alleged onset date of April 4, 2010. AR 24. At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of degenerative disc disease of the lumbar spine. AR 25. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. AR 27. At step four, the ALJ found that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). AR 27. Relying on vocational expert testimony, the ALJ found that Plaintiff is capable of performing past relevant work as a real estate agent. AR 34. Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from April 5, 2010, through the date of the decision, on June 17, 2015. AR 34.

## B. DISCUSSION

### 1. Standard of Review

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner *de novo*. *See Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

///

///

## 2. Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two. Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[2] If the individual does not have a

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. §

severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either

---

402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

### 3. Analysis

Plaintiff moves to remand this matter because the ALJ failed to articulate clear and convincing reasons for rejecting Plaintiff's testimony. Plaintiff argues that he testified regarding the nature and extent of his condition, and the ALJ provided insufficient reasons to reject his testimony, and instead set forth boilerplate language in making his credibility determination and indicating that the testimony is not credible because it lacks support in the objective medical evidence. The Commissioner responds that Plaintiff set forth numerous specific reasons to reject Plaintiff's testimony.

The Commissioner's regulations prohibit granting disability benefits based solely on a claimant's subjective complaints. *See* 20 C.F.R. § 404.1529(a) ("statements about your pain or other symptoms will not alone establish that you are disabled"). "An ALJ cannot be required to believe every allegation of [disability], or else disability benefits would be available for the asking, a result plainly contrary to [the Social Security Act]." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). If the ALJ rejects the claimant's complaints, the ALJ must provide "specific,

cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (quoting *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)).

The ALJ must state why the testimony is unpersuasive and must point to what specific testimony or evidence undermines the claimant's testimony. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Lester*, 81 F.3d at 834. Absent affirmative evidence that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be clear and convincing. *Valentine v. Comm'r Social Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009). The ALJ "may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). This is because the lack of an objective medical basis is just one factor in evaluating the credibility of a claimant's testimony and complaints. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc).

The Ninth Circuit has upheld an ALJ's finding that a claimant's testimony is not credible when the ALJ cited specific instances in the record supporting this determination. *See, e.g., Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (upholding ALJ's credibility determination when he pointed out numerous lab results that contradicted his subjective complaints). *See also, Batson v. Comm'r of Soc Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2003) (ALJ's credibility determination upheld because the ALJ cited specific testimony from a doctor which contradicted the claimant's allegations). But the Ninth Circuit has also found general findings insufficient. *See Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884-85 (9th Cir. 2006) (ALJ required to provide a "narrative discussion" and state specific evidence in the record supporting an adverse credibility finding). If "evidence can support either affirming or reversing the ALJ's decision," this Court may not substitute its judgment for that of the ALJ's. *Id.* at 882.

In making a credibility determination regarding pain, the ALJ may consider: "the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication,

for relief of pain; functional restrictions; the claimant's daily activities" and "ordinary techniques of credibility evaluation." *Bunnell*, 947 F.2d at 346 (citing SSR 88-13).

The ALJ found that Plaintiff provided inconsistent statements concerning his drug and alcohol use. AR 31. *See* 20 C.F.R. § 404.1529(c)(4) ("We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence."); *Thomas v. Barnhart*, 278 F.3d 948, 959 (9th Cir. 2002) (in discounting credibility in general, "the ALJ found that [the claimant] had not 'been a reliable historian, presenting conflicting information about her drug and alcohol usage'"). The ALJ indicated that Plaintiff had made inconsistent statements regarding his drug and alcohol use, denying any alcohol problem yet attending a 28 day in-patient rehabilitation program and being later arrested for a DUI. AR 31, AR 60-61. As a technique of ordinary credibility evaluation, the ALJ properly considered Plaintiff's conflicting statements regarding his substance-abuse history.

Second, the ALJ found that the medical-opinion evidence starkly contradicted Plaintiff's allegations of disabling pain and limitations. AR 30–31. *See* 20 C.F.R. § 404.1529; *Maier v. Comm'r of Soc. Sec.*, 154 F.3d 913, 915 (9th Cir. 1998) ("The ALJ's explanation that [the claimant] was not credible was supported by the clear and convincing reason that [the claimant's] testimony contradicts most of the medical evaluations"). In particular, the ALJ summarized the opinions of Drs. Sherman, Mumford, and Arnow, physicians who evaluated Plaintiff's physical functional capabilities, and noted that all three found Plaintiff was far more capable than the light work RFC. AR 31-32. Plaintiff fails to address these findings.

Third, the ALJ discussed medical evidence that did not corroborate the degree of pain and limitations Plaintiff alleged and revealed a level of functioning consistent with the RFC for light work. AR 26–28, 30–32. *See* 20 C.F.R. § 404.1529(c)(2), (4); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008) (affirming adverse credibility finding in part because the claimant's alleged symptoms were "disproportionate and not supported by the objective medical findings nor any other corroborating evidence"). To the contrary, the ALJ noted that Drs. Mumford and Sherman found that Plaintiff's knee and back function were within normal limits. Plaintiff fails to address these findings.

Fourth, the ALJ noted gaps in Plaintiff's treatment history, which undermined the extreme degree of symptoms and limitations he alleged. AR 25, 29–30. *See* 20 C.F.R. § 404.1529(c)(3)(iv); *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (holding ALJ may consider unexplained or inadequately explained failure to seek treatment or follow a prescribed course of treatment). For example, Plaintiff did not obtain any significant treatment for his allegedly disabling back pain from approximately 2011 through 2013. AR 29–30. Plaintiff fails to address these findings.

Fifth, the ALJ discussed Plaintiff's activities of daily living which demonstrated a greater range of functioning than Plaintiff alleged. AR 25–26. *See* 20 C.F.R. § 404.1529; *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) ("The ALJ may consider many factors in weighing a claimant's credibility," including "the claimant's daily activities"). The ALJ noted that the Plaintiff made inconsistent statements in function reports regarding his activities of daily living. AR 31.

Accordingly, the ALJ's provided clear and convincing reasons for rejecting the claimant's testimony. *Valentine,* 574 F.3d at 693. The ALJ's credibility analysis was supported by substantial evidence, and it is entitled to great deference. *See Parra*, 481 F.3d at 750 (questions of credibility and resolution of conflicts in the testimony are functions solely for the agency).

## **C. CONCLUSION**

Viewing the evidence as a whole, the court finds that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence.

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No. 22) is denied.

IT IS FURTHER ORDERED that the Commissioner's cross-motion to affirm (ECF No. 23) is GRANTED.

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS FURTHER ORDERED that the clerk of court must enter judgment in favor of Nancy A. Berryhill, Acting Commissioner of Social Security Administration, and against plaintiff Joseph Saruby.

DATED: February 7, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE